# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **CRIMINAL ACTION** |
| ) | |
| v. ) | No. 11-60002-01 |
| ) | |
| TYREN SCOTT PRESLEY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the court upon the probation office's request for a modification of the conditions of supervised release. Defendant opposes the modification. The facts do not appear to be in significant dispute. An evidentiary hearing was held on April 2, 2012 at which defendant declined the opportunity to testify.

According to the presentence report, defendant was sentenced by the United States District Court for the Western District of Kentucky to 151 months imprisonment following his convictions of aggravated sexual abuse and sexual exploitation of children. His sentence was enhanced for obstruction of justice. The relevant paragraphs from his presentence report are as follows:

> 5. As a result of the investigation, on February 19, 1999, the Presley residence in Clarksville, Tennessee, was searched in addition to outbuildings. As a result of the search, a video tape was confiscated. The video tape revealed an approximate 8-month-old baby with her pants off lying on a waterbed. A white male, later identified as defendant Presley, was videoed placing a white towel underneath the baby, climbing into the bed with his pants off. Defendant Presley then gave the baby a small teddy bear to hold and repeated the words "nice baby" in baby talk to the child. Defendant Presley rubbed his penis on the baby's vaginal area and anus, thrusting against the baby, while repeating the words "nice baby." During the

abuse, defendant Presley placed the child's hand on his penis. Defendant Presley also turned the child over onto her stomach and proceeded to rub his penis between the baby's bottom. Defendant Presley ultimately ejaculated on the baby.

* * *

9. On April 16, 2000, at 4:08 a.m., while detained at the Massac County Detention Center, Metropolis, Illinois, pending sentencing on the instant federal offense, defendant Presley attempted to escape from custody. According to an incident report filed by the Massac County Sheriff's Department, Metropolis, Illinois, on April 16, 2000, at approximately 4 a.m., officers of the sheriff's department were urgently summoned to the Massac County Detention Center. Upon arrival, they observed the deputy jailer sitting in the dispatch area with his head down. Upon closer observation, they observed that blood was around his nose area and his left arm was badly bruised and scraped like an abrasion. Additionally, the officers noticed the undershirt the deputy jailer was wearing was completely ripped around his neck area with scrapes and cuts in the upper chest area, noting definite signs of a struggle. Investigation revealed that the deputy jailer was performing cell checks when an inmate, herein known as K.H., requested to be placed back in his cell, as he was tired of watching TV. The deputy jailer then advised dispatch to open the cell door. As soon as the cell door was opened, defendant Presley grabbed the deputy jailer by the shirt and attempted to pull him into the cell. At the same time, K.H. started punching and hitting the deputy jailer with a plastic Coke bottle full of liquid. When the deputy jailer attempted to break out of this cell, he was cornered with his back to the wall with both defendant Presley and K.H. beating and punching the deputy jailer. Two other inmates began to assist the deputy jailer to stop the defendant Presley and K.H. from beating the deputy jailer any further. The deputy jailer stated after the two inmates assisted him defendant Presley and K.H. proceeded around the comer toward dispatch. K.H. made it through the doorway as it locked behind him and successfully escaped. However, defendant Presley became lost and headed back toward the dispatch area. Defendant Presley was placed on a suicide watch, due to his threat to kill himself.

Upon his release from prison, defendant's supervision was transferred to this court in February 2010. Defendant came to the court's attention in connection with the probation officer's request because defendant refused to sign a modification of his conditions of

-2-

supervision (Exhibit A, attached). Defendant refused to sign the waiver, instead affixing the term "Non-Assumpsit" (Exhibit B, attached). Defendant thereafter submitted a 20-page pro se "rebuttal brief" in connection with the probation officer's request which essentially amounts to an ad hominem attack on the actions of the probation officer. (Doc. 4). Counsel was appointed to represent defendant and the court has considered the submissions filed by counsel for the government and for defendant (Docs. 15, 16, 17 and 20). The court also has considered the photographs presented by defense counsel at the April 2 hearing (Defense Exhibits A-CC).

The parties agree that the court may impose a "search condition" pursuant to 18 U.S.C. § 3583(d). Defendant's counsel correctly notes that a condition of supervised release must be reasonably related to the factors set forth in 18 U.S.C. § 3553. United States v. Edgin, 92 F.3d 1044, 1048 (10th Cir. 1996). Turning first to the nature and circumstances of the offense and the history and characteristics of defendant, the court finds that the offenses of conviction are among the most despicable and disgusting of any the court has seen in more than 20 years on the bench. The sentencing judge presumably saw it the same way because he sentenced defendant to the maximum guideline sentence. As to defendant's characteristics, it has been the court's experience that individuals with the inclinations of defendant rarely, if ever, can be rehabilitated. Therefore such individuals must be subjected to intensive supervision conditions in order to afford adequate deterrence to additional criminal conduct. The same is true in terms of the protection of the public which, in this case, encompasses not merely children but also law enforcement officers,

-3-

including this court's probation officers, from assault or other violent acts by defendant.

The court has considered defendant's argument that because his living quarters are part of his mother's antiques shop, any search condition should be limited to his quarters. Defendant's argument is belied by the photographs introduced at the evidentiary hearing. Although defendant may have separate living quarters, he has complete access to the areas of the shop where evidence reasonably related to the subject matter of the crimes of conviction, for example child pornography, easily could be concealed. In addition, because of defendant's history of assaultive behavior, officers who enter the premises have reason to be concerned with the presence of weapons. The court finds that defendant represents a clear, present and permanent danger not only to this court's probation officers but to the community in general. The modified search condition to which defendant objects not only is reasonable but is necessary under the particular circumstances of this case and is approved.

Accordingly, defendant's objection to the modification of conditions is denied.

IT IS SO ORDERED.

Dated this 10th day of April 2012, at Wichita, Kansas.

_____
Monti L. Belot
UNITED STATES DISTRICT JUDGE

DKS-PROB 12D
(Rev 04/11)

PACTS#12925

# United States District Court

## for the

### District of Kansas

### Request for Summons and
### Modification of the Conditions or Term of Supervision

Case Number: **1083 6:11CR60002-001**

Name of Offender: **Tyren Scott Presley**

Name of Sentencing Judicial Officer:   Honorable Edward H. Johnstone
U.S. District Judge

Name of Reassigned Judicial Officer:   Honorable Monti L. Belot
U.S. District Judge

Date of Original Sentence:   7/10/2000

Original Offense:   Aggravated Sexual Abuse with a Child who has not attained the age of 12 years and two counts of Sexual Exploitation of Children

Original Sentence:   Imprisonment - 151 Months
Supervised Release - 36 Months

Type of Supervision:   TSR         Date Supervision Commenced:   2/5/2010

## PETITIONING THE COURT

The offender, not having waived a hearing, the probation officer requests that a summons be issued and hearing held to modify the conditions of supervision as follows:

**The defendant shall submit his person, house, residence, vehicle(s), papers, business or place of employment and any property under the defendant's control to a search, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.**

### CAUSE

The probation officer believes that the action requested above is necessary for the following reasons:

As Your Honor may recall, U.S. Probation informed the court in a prior report that the defendant submitted a deceptive polygraph on February 14, 2011 and subsequently admitted to viewing a *Playboy Magazine*.

Exhibit A

D/KS-PROB 12D    -2-    Request for Summons and Modification
of the Conditions or Term of Supervision
Name of Offender: Tyren Scott Presley    Case Number: 1083 6:11CR60002-001

Recently, on January 20, 2012, the U.S. Probation Office was notified that the defendant sent money to another convicted felon, Carl Smith. Mr. Smith is currently residing at the Federal Halfway House in Leavenworth, KS. The defendant did not have permission to have contact with Mr. Smith and therefore, violated his Standard Condition #9, "The Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer." The defendant admitted to sending Mr. Smith money during a home visit on January 26, 2012.

Third, the defendant is employed by his mother at an antique store in Kingman, KS. U.S. Probation was notified by local law enforcement that another registered sex offender, Vernon Turner, was driving the defendant's mother's vehicle. U.S. Probation asked the defendant about his relationship with Mr. Turner. He stated his mother hired Mr. Turner and they associate at work. The defendant lives and works at the antique store. The defendant denied knowing about Mr. Turner's prior felony conviction or status as a registered offender. However, Mr. Turner has no known ties to Kingman, KS. In addition, the Bureau of Prison Records indicate the defendant and Mr. Turner were incarcerated at Seagoville FCI during the same time period.

Due to the information described above, the nature and circumstances of the defendant's crime and the implementation of the National Sex Offender Management Procedures Manual, the U.S. Probation Office recommends a modification of the conditions of supervision to include the search condition. The modification regarding the search condition was reviewed with the defendant on January 26, 2012, and he indicated he does not wish to consult with an attorney regarding this matter, but he does wish to have a hearing. He did not sign the Form 49 Waiver as a result.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: February 3, 2012

*Jamie Hawkins*

Jamie L Hawkins
U.S. Probation Officer

Approved
*[signature]*
SUSPO

D/KS-PROB 12D                -3-                Request for Summons and Modification
                                                  of the Conditions or Term of Supervision
Name of Offender:   Tyren Scott Presley            Case Number: 1083 6:11CR60002-001

THE COURT ORDERS:
[ ]  No Action
[✓]  The issuance of a summons
[ ]  Other:

_____
Signature of Judicial Officer

2/6/12
_____
Date

cc: AUSA

PROB 49

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

# UNITED STATES DISTRICT COURT
## for the
# DISTRICT OF KANSAS

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By 'assistance of counsel', I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

**The defendant shall submit his person, house, residence, vehicle(s), papers, business or place of employment and any property under the defendant's control to a search, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.**

Witness: *[signature]*     Signed: *Non·Assumpsit*
U.S. Probation Officer    Probationer or Supervised Releasee

1 Feb 2012
DATE

Attorney: _____    Date: _____

Exhibit B